IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CAROL ELIZABETH CHRISTENSEN, Individually and as representative of the Estates of RONALD CHRISTENSEN, DECEASED, and RACHEL CHRISTENSEN, DECEASED; TOMMY CHRISTENSEN; PATRICK CHRISTENSEN; and CHARLES and INA RUTH FOSTER individually and as Representative of the estate of REBECCA FOSTER, DECEASED<br>　　　Plaintiffs,<br><br>v.<br><br>GENERAL MOTORS CORPORATION,<br>　　　Defendant. | CIVIL ACTION NO. 2-06-CV-145 (TJW) |

## MEMORANDUM OPINION AND ORDER

Before the Court is General Motor Corporation's ("GM") Motion to Transfer Venue (#5). Having considered the parties' written submissions, the Court DENIES the motion.

### I.  BACKGROUND

On April 7, 2006, Plaintiffs sued Defendant under the Texas Wrongful Death and Survival Statutes alleging defects in a 2001 Pontiac Sunfire.  The plaintiffs filed this diversity case in the Marshall Division of the Eastern District arising out of an automobile accident which occurred in Collin County on April 11, 2004.  The Defendant, GM, has moved to transfer venue to the Sherman Division of the Eastern District of Texas.

### II.  APPLICABLE LAW

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The first determination to be made under 28 U.S.C. § 1404(a) is whether the case could have been filed in the judicial district to which transfer is sought. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir.2004). If so, under section 1404(a), a court examines "the convenience of the parties and witnesses." *Id*. The convenience determination involves examining several private and public interest factors, none of which is given dispositive weight. *Id*.

The private factors include:

(1) the relative ease of access to sources of proof;

(2) the availability of the compulsory process to secure witnesses' attendance;

(3) the willing witnesses' cost of attendance; and

(4) all other practical problems that make the case's trial easy, expeditious, and inexpensive.

*Id*.

The public factors include:

(1) the administrative difficulties flowing from court congestion;

(2) the local interest in having local issues decided at home;

(3) the forum's familiarity with the governing law; and

(4) the avoidance of unnecessary conflict of law problems involving the foreign law's application.

*Id*.

A court should also consider the plaintiff's forum choice, but the plaintiff's choice of forum, by itself, is not conclusive or determinative. *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th

Cir.2003); *Z-Tel Communications, Inc. v. SBC Communications, Inc.*, 331 F.Supp.2d 567, 571 (E.D.Tex.2004) (Folsom, J.). The Court will not consider the location of the parties' counsel as this factor is not applicable to determining whether transfer is appropriate. *In re Volkswagen*, 371 F.3d at 204.

### III.  APPLICATION OF THE TRANSFER FACTORS

As GM's transfer request is within the Eastern District, this Court need not consider whether the plaintiffs' claims could have been filed in the judicial district to which transfer is sought. This requirement is obviously met so the Court will consider the transfer factors as they apply to the claims brought in this case. *See In re Volkswagen*, 371 F.3d at 204. After considering all of the factors, the Court finds that the reasons to retain the case in Marshall outweigh the reasons to transfer to Sherman.

1.      The Private Factors

(1) *The plaintiff's forum choice.*

While the plaintiff's forum choice is neither controlling nor determinative, it is a factor to be considered. *In re Horseshoe Entm't*, 337 F.3d at 434. Plaintiffs chose to bring their suit in Marshall and therefore this factor weighs against transfer.

(2) *The relative ease of access to sources of proof.*

Proof relating to both parties is located in the Eastern District of Texas. Because all proof located outside of the Marshall Division can easily be sent from Collin County to Marshall, the Court finds that this factor is neutral.

(3) *The availability of the compulsory process to secure witnesses' attendance.*

The parties have not identified any unwilling witnesses that would be subject to compulsory process in Sherman but not in Marshall. As such, this factor does not support transfer.

(4) *The willing witnesses' cost of attendance.*

As to potential witnesses in Collin County being farther away from Marshall than Sherman, the Court finds that this factor only minimally supports transfer because the distance is not significant. Defendant has offered no proof in the form of affidavits or documents establishing that witnesses in Collin County Texas would be inconvenienced by a Marshall setting for this case. Thus, to the extent this factor favors transfer, it does so only marginally.

2. Remaining Factors

The remaining factors include (1) other practical problems that make the case's trial easy, expeditious, and inexpensive, (2) the administrative difficulties flowing from court congestion, (3) the local interest in having local issues decided at home, (4) the forum's familiarity with the governing law, and (5) the avoidance of unnecessary conflict of laws problems involving foreign law's application. The Court has considered these factors, particularly in light of the location of the accident, and holds that all of these factors are neutral. In short, the distance between the Sherman Division and the Marshall Division is not so great as to justify a transfer of this case under section 1404 (a).

### IV. CONCLUSION

The Court concludes that, after considering all of the factors, a transfer from Marshall to Sherman is inappropriate in this case. Accordingly, the Court DENIES GM's motion.

SIGNED this 24th day of July, 2006.

*T. John Ward*
_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE